UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM D. COLEMAN                                          CIVIL ACTION

VERSUS

ANCO INSULATIONS, INC., ET AL.                     NO.: 15-00821-BAJ-EWD

### RULING AND ORDER

Plaintiff William D. Coleman ("Plaintiff") alleges that he was exposed to "injurious levels of asbestos" throughout his life. (Doc. 1-1 at p. 13). The source of the asbestos was allegedly the Libbey-Owens-Ford ("LOF") Plant located in Shreveport, Louisiana. (*Id.* at pp. 13—14). The LOF Plant was, for purposes of this Ruling and Order, owned by Defendant Pilkington North America, Inc. ("Pilkington"), as successor-in-interest to LOF. (*Id.* at p. 14).

Plaintiff alleges that as a result of his exposure to asbestos, he contracted "malignant mesothelioma, an incurable and terminal" form of cancer. (*Ibid.*). He claims to have suffered "physically, financially, mentally, and emotionally as a direct result" of this condition. (*Ibid.*). He therefore seeks damages from Pilkington and a number of insurance companies that allegedly insured the LOF Plant. (*Id.* at pp. 15—17, 21—22).

One of those insurance companies is Safety National Casualty Corporation ("Safety National"). Safety National asserts that there is "no evidence" whatsoever that it ever "issued any [insurance] policy" covering the LOF plant. (Doc. 38 at ¶ 4).

On that basis, Safety National moves for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. (*See* Doc. 38).

"A plaintiff suing on an insurance contract has the burden of establishing the existence of the policy . . . and its terms and provisions." *Barber v. Best*,[1] 394 So. 2d 779, 780—81 (La. Ct. App. 1981). In this sense, Plaintiff has failed. He "neither attached a copy of the policy to his complaint nor did he refer to it by policy number." *Lockett v. Allstate Ins. Co.*, No. 6:10-CV-01541, 2010 WL 5479664, at *2 (W.D. La. Dec. 7, 2010), *report and recommendation adopted*, No. 6:10-CV-01541, 2011 WL 9026 (W.D. La. Jan. 3, 2011). Safety National has, moreover, provided the Court with an affidavit signed by its Vice President of Claims and Department Head, who avers that Safety National has diligently searched all of its records and concluded that it has never issued an insurance policy to "Libbey-Owens-Ford" or "Pilkington North America, Inc." (*See* Doc. 38-5).

Plaintiff presumably does not oppose Safety National's motion – he has not filed a memorandum in opposition and the deadline to do so has long passed. Nonetheless, Pilkington seeks more time to determine, for itself, whether Safety National ever issued a policy that "would indemnify[2] or insure [it] against liability

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. *See Trinity Universal Ins. Co. v. Stevens Forestry Serv., Inc.*, 335 F.3d 353, 356 (5th Cir. 2003) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)) (noting that a federal court sitting in diversity applies the substantive law of the state in which it sits).

[2] Given this line of argument, it is somewhat odd that Pilkington has not sought to sue Safety National pursuant to Rule 13(g).

2

potentially stemming from Plaintiffs' [sic] allegations." (Doc. 41 at p. 3). Pilkington has therefore filed a memorandum in opposition to Safety National's motion pursuant to Rule 56(d).[3]

"Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *State Farm Fire & Cas., Co. v. Whirlpool Corp.*, No. 3:10-CV-1922-D, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15,

---

[3] Pilkington's challenge raises an interesting question that neither party has addressed: does one co-defendant have standing to oppose another co-defendant's motion for summary judgment in the absence of a crossclaim between the two? *See* Jonathan A. Wolfson, *Warring Teammates: Standing to Oppose A Coparty's Motion for Summary Judgment*, 60 DRAKE L. REV. 561, 564 (2012). No federal circuit has addressed this issue. The federal district courts, however, are split. *Compare Stone v. Marten Transp., LLC*, No. 3:12-CV-0396, 2014 WL 1666420, at *4 (M.D. Tenn. Apr. 25, 2014) (finding standing); *Dailey v. J.B. Call & Co.*, No. 04-4114-RDR, 2006 WL 616634, at *2 (D. Kan. Mar. 9, 2006) (same); *White v. Sabatino*, 415 F. Supp. 2d 1163, 1171—72 (D. Haw. 2006) (same), *with Thurman v. Wood Grp. Prod. Servs., Inc.*, No. CIV. A. 09-4142, 2010 WL 5207587, at *1 (E.D. La. Dec. 14, 2010) (denying standing); *Eckert v. City of Sacramento*, No. 207CV00825GEBGGH, 2009 WL 3211278, at *3 (E.D. Cal. Sept. 30, 2009) (same); *Blonder v. Casco Inn Residential Care, Inc.*, No. CIV. 99-274-P-C, 2000 WL 761895, at *1 (D. Me. May 4, 2000) (same).

Ultimately, the Court finds that Pilkington has standing to oppose Safety National's motion for summary judgment. Rule 56(a) says nothing about who can *oppose* a motion for summary judgment. *Contra Thurman*, 2010 WL 5207587 at *1. Nor would the dismissal of Safety National in this case be "appropriate." *See Blonder*, 2000 WL 761895 at *1. Pilkington, at a minimum, has an interest in ensuring that Safety National's motion for summary judgment is denied. *Compare Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 428 (5th Cir. 2007) (noting that a party "aggrieved by a district court decision that adversely affects its legal rights or position vis-à-vis other parties in the case" has standing to appeal that decision), *with Eckert*, 2009 WL 3211278 at *3 (holding that two co-defendants who have not asserted crossclaims against each another are not adverse for purposes of Rule 56). If the Court were to grant Safety National's motion for summary judgment, it would effectively call off a search that has not yet begun. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (holding that the preclusive effect of a federal diversity judgment is governed by the forum state's law of preclusion); *Winn v. New Orleans City*, No. CV 12-1307, 2015 WL 10713690, at *3 (E.D. La. Jan. 14, 2015) (analyzing Louisiana's "res judicata law"). Even if Pilkington were to later determine that Safety National did, in fact, insure the plant in question, indemnification would be barred by the Court's previously issued judgment on the merits. Equity and common sense dictate an alternative result. So too does the plain language of Rule 56(d). *See* Fed. R. Civ. P. 56(d) (allowing any "nonmovant" to oppose a Rule 56(a) motion for summary judgment); *United States v. Vista Hospice Care*, No. 3:07-CV-604-M, 2016 WL 1273891, at *7 (N.D. Tex. Mar. 22, 2016) (citing *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013)) (noting that "[w]hen interpreting the Federal Rules of Civil Procedure, the Court is to give the rules their plain meaning, and, as with a statute, the inquiry is complete if the Court finds . . . the text of the rule[] to be clear and unambiguous").

2011). It ensures that where, as here, the facts of a case are at issue, the non-movant is, at a minimum, afforded the "opportunity to conduct discovery" relevant to its opposition. *Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002)[4] (internal quotations omitted). Oppositions brought pursuant to Rule 56(d) "are broadly favored," *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006), so long as the non-movant shows "by affidavit or declaration that, for specified reasons, it cannot [currently] present" evidence that, if established, would raise a genuine dispute of material fact, Fed. R. Civ. P. 56(d). *See also McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (noting that in order to secure more time under Rule 56(d), a "party must demonstrate how the additional time will enable him to rebut the movant's allegations of no genuine issue of fact").

Pilkington's attorney asserts, by declaration, that Pilkington: (1) has not yet served interrogatory requests, requests for production, or requests for admission on Safety National; (2) has not yet received discovery responses from Safety National; and (3) has not yet conducted depositions of Safety National's corporate officers. (*See* Doc. 41-1 at ¶¶ 2—4). That is not surprising, given that Safety National's motion for summary judgment was filed (and Pilkington's opposition was received) prior to the commencement of formal discovery. *Cf. Green v. Plantation of Louisiana, LLC*, No. 10-364, 2011 WL 1667170, at *2 (W.D. La. Apr. 29, 2011). Pilkington's "due diligence"

---

[4] In 2010, Rule 56(f) was recodified "without substantial change" as Rule 56(d). *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010).

4

is not at issue. *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005). Safety National's motion is simply premature.

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment on Behalf of Safety National Casualty Corporation** (Doc. 38) is **DENIED WITHOUT PREJUDICE** to Safety National's right to file such a motion at a later date.

Baton Rouge, Louisiana, this 21st day of July, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**