UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIAM D. COLEMAN

VERSUS

ANCO INSULATIONS, INC. ET AL.

CIVIL ACTION

NO. 15-821-BAJ-EWD

## ORDER

Before the court is Plaintiffs' Joint Rule 25(a)(1) Motion for Substitution of Parties Plaintiff and Motion for Leave to File Plaintiffs' First Supplemental and Amended Complaint (the "Motion to Substitute and Amend").[1] Per the Motion to Substitute and Amend, Pamela Coleman and Jody Coleman Nolte (collectively, "Movants") seek to be substituted in William Coleman's stead as plaintiffs and to "formally allege causes of action sounding in survival and wrongful death."[2] Movants assert that William D. Coleman, the named plaintiff in this suit, died from malignant mesothelioma on November 8, 2016, and that Movants are Mr. Coleman's statutory heirs and the proper persons to pursue survival and wrongful death claims.[3]

The case was removed from state district court pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship.[4] Per Movant's proposed First Supplemental and Amended Complaint, Movants continue to assert this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[5]

On February 1, 2017, Movants filed the instant Motion to Substitute and Amend. However, Movants do not state whether defendants consent to or oppose the proposed amendment. Moreover, the proposed First Supplemental and Amended Complaint does not allege the

---

[1] R. Doc. 57.
[2] R. Doc. 57, p. 1.
[3] R. Doc. 57-1, p. 3.
[4] R. Doc. 1.
[5] R. Doc. 57-6, ¶ 4.

1

citizenship of the parties.  The proposed First Supplemental and Amended Complaint includes no allegations regarding the citizenship of Pamela Coleman and Jody Coleman Nolte.  The Fifth Circuit has explained that, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."  *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).  Further, Movants' allegation that the defendants are "all foreign corporations" is insufficient to establish diversity jurisdiction.  A corporation is a citizen of its place of incorporation and its principal place of business.  28 U.S.C. § 1332(c).  *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").[6]

    Accordingly,

---

[6] In the Notice of Removal, Pilkington North America, Inc. alleges that it is "a Delaware corporation with its principal place of business in Ohio."  R. Doc. 1, p. 3.  In its Corporate Disclosure Statement, Liberty Mutual Insurance Company states that it "is a company organized under the laws of the State of Massachusetts and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts."  R. Doc. 3, p. 1.  In its corporate disclosure statement, Travelers Casualty and Surety Company alleges that it is "an insurance company incorporated under the laws of the State of Connecticut with its principal place of business in Connecticut."  R. Doc. 5, ¶ 2.  "Safety National Casualty Corporation is an insurance company organized under the laws of the State of Missouri, and for Federal court jurisdiction/diversity of citizenship disclosure purposes, its principal place of business is in the State of Missouri."  R. Doc. 6, p. 1.  Bedivere Insurance Company does not assert its citizenship in its Corporate Disclosure Statement.  R. Doc. 13.  The Notice of Removal only alleges that Bedivere Insurance Company "is a foreign insurer" and a "Pennsylvania company."  R. Doc. 1, p. 3.  As explained herein, an allegation that Bedivere Insurance Company is a foreign insurer or Pennsylvania company is not a sufficient allegation for purposes of 28 U.S.C. § 1332, and Movants must instead allege Bedivere Insurance Company's place of incorporation and principal place of business (assuming that Bedivere Insurance Company is a corporation).  In the event Bedivere Insurance Company is an unincorporated association, the citizenship of such association is determined by considering the citizenship of all its members.  *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  To properly allege the citizenship of an unincorporated association, a party must identify each of the members of the association and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).  The same requirement applies to any member of the association which is also an unincorporated association.  *See*, *Turner Bros. Crane and Rigging, LLCV v. Kingboard Chemical Holdings, Ltd.*, 2007 WL 2848154, at & 4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citations omitted).

2

**IT IS HEREBY ORDERED** that Movants file a motion to substitute the proposed pleading (R. Doc. 57-6) with a proposed pleading that properly sets forth the citizenship of the parties.

**IT IS FURTHER ORDERED** that Movants shall state in their motion to substitute whether defendants consent to the filing of the First Supplemental and Amended Complaint. Movants shall have seven (7) days from the date of this Order to file the motion to substitute without further leave of Court.

Signed in Baton Rouge, Louisiana, on February 10, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**