UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIAM D. COLEMAN

VERSUS

ANCO INSULATIONS, INC. ET AL.

CIVIL ACTION

NO. 15-821-BAJ-EWD

**RULING AND ORDER**

Before the court is Plaintiffs' Second Revised Joint Rule 25(a)(1) Motion for Substitution of Parties Plaintiff and Motion for Leave to File Plaintiffs' First Supplemental and Amended Complaint (the "Motion to Substitute and Amend").[1] Per the Motion to Substitute and Amend, Pamela Coleman and Jody Coleman Nolte (collectively, "Movants") seek to be substituted in William D. Coleman's stead as plaintiffs and to "formally allege causes of action sounding in survival and wrongful death."[2] Defendant Pilkington North America, Inc. (f/k/a Libbey Owens Ford) ("PNA") has filed an opposition.[3]

For the reasons set forth herein, the Motion to Substitute and Amend is GRANTED. The clerk is ORDERED to file Plaintiffs' First Supplemental and Amended Complaint (R. Doc. 86-2) into the record.

## I. Background

The case was removed from state district court pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship.[4] Per Movant's proposed First Supplemental and Amended

---

[1] R. Doc. 86.

[2] R. Doc. 86, p. 1.

[3] R. Doc. 90.

[4] R. Doc. 1.

1

Complaint, Movants continue to assert this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[5]

Movants assert that William D. Coleman, the named plaintiff in this suit, died from malignant mesothelioma on November 8, 2016, and that Movants are Mr. Coleman's statutory heirs and the proper persons to pursue survival and wrongful death claims.[6] In support of their position, Movants have attached, *inter alia*, an Affidavit of Death, Domicile and Heirship (the "Affidavit") stating:

> Decedent was married three times, first to Brenda Lovelock, which marriage ended in divorce, and of which two children were born, namely, William Shawn Calhoun, who was later adopted by Ricky Calhoun, and Dawn Allison Calhoun, who was later adopted by Ricky Calhoun, second to Carolyn Cordell Coleman Foster, which marriage ended in divorce, and of which marriage two children were born, namely Christopher Chambliss Foster, who was later adopted by Wayne Foster, and Cullen Cordell Coleman, who was later adopted by Wayne Foster, and third to Pamela Sue Coleman, with whom he was living with and legally married to at the time of his death, and of which marriage no children were born. **WILLIAM DALE COLEMAN** also fathered one child out of wedlock, namely Jody Juanita Nolte.[7]

PNA objects to Movants' proposed substitution, and asserts that Movants have not provided sufficient proof of legal successorship.[8] PNA points out that Movants have not provided "documentation of any legal adoptions, such as certified copies of adoption decrees" and that the Affidavit is not the same as "signed affidavits from the adopted children themselves (disclaiming rights)."[9] Additionally, PNA argues that the affiants attesting to the Affidavit provide no factual

---

[5] R. Doc. 86-2, ¶ 6.

[6] R. Doc. 86-1, pp. 3-4.

[7] R. Doc. 86-8. In addition to the Affidavit, Movants have provided Mr. Coleman's death certificate, the Marriage License between Mr. Coleman and Pamela Sue Pennewell, the Judgment of Possession recognizing Pamela Sue Coleman as Decedent's surviving spouse, and the birth certificate of Jody Juanita Coleman R. Doc. 86-8.

[8] R. Doc. 90.

[9] R. Doc. 90, pp. 2-3.

basis for their asserted personal knowledge[10] and that PNA "is particularly concerned" that the adoptions referenced in the Affidavit were "merely informal" such that the referenced children's legal rights with respect to Mr. Coleman were not terminated.[11]

## II. Law and Analysis

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."[12] This court has explained that upon a party's death, the court must make the determination regarding proper substitution "pursuant to the procedural mechanism found in Rule 25(a)(1) of the Federal Rules of Civil Procedure and in light of the substantive inheritance laws of the State of Louisiana." *Wilkerson v. Stalder*, 2013 WL 6665745, at * 1 (M.D. La. Dec. 17, 2013).

Pursuant to La. C.C.P. art. 801, "[w]hen a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality." The code article

---

[10] PNA asserts that "if the Court is inclined to rely upon those affiants' affidavit in ruling upon the instant motion or if Plaintiffs' counsel purports to call them at trial," "PNA reserves its right to seek leave to take the depositions of those witnesses…." R. Doc. 90, p. 5.

[11] R. Doc. 90, p. 4 (citing provisions of Louisiana Children's Code, La. Ch. C. arts. 1218, 1240, & 1256, for agency, private, and intrafamily adoptions setting out that the effect of a final decree of adoption is, *inter alia*, to relieve the adopted child "of all of his legal duties" and divest him "of all his legal rights with regard to the parents" subject to exceptions inapplicable here).

[12] Pilkington does not argue that the proposed substitution is untimely. Mr. Coleman died on November 8, 2016. On February 1, 2017, Movants filed their first Joint Rule 25(a)(1) Motion for Substitution of Parties Plaintiff and Motion for Leave to File Plaintiffs' First Supplemental and Amended Complaint. R. Doc. 57. The court ordered Movants to file a motion to substitute their proposed pleading with a pleading that properly set forth the citizenship of the parties. R. Doc. 59. On March 7, 2017, a hearing was held with the parties to discuss, *inter alia*, the proposed substitution. *See*, R. Doc. 72. The court ordered Movants to file any revised Motion to Amend/Motion for Substitution within twenty-one days of the March 7, 2017 Report and Order. R. Doc. 72. Movants filed the instant Motion to Substitute and Amend on March 28, 2017. R. Doc. 86.

defines "legal successor" as, *inter alia*, "[t]he survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor." La. C.C. art. 2315.1 provides a hierarchy of persons entitled to maintain a survival action, with the first tier being "[t]he surviving spouse and child or children of the deceased, or either the spouse or the child or children." Mrs. Coleman and Mrs. Nolte assert they fit within this category. Movants are correct that children given in adoption are not included within the enumerated classes set forth in La. C.C. 2315.1. *See*, La. C.C. art. 2315.1(D) ("As used in this Article, the words 'child', 'brother', 'sister', 'father', 'mother', 'grandfather', and 'grandmother' include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively."); *Nelson v. Burkeen Constr. Co.*, 605 So. 2d 681, 683 (La. App. 2 Cir. 1992) ("The 1960 amendment deleted the reference to children given in adoption. Since children given in adoption are not included in the enumerated classes they are without a remedy for the death of their natural father.").

"Jurisprudence interpreting Article 801 requires that a motion to substitute for a deceased party include proof of quality, such as an affidavit of death and heirship or a judgment of possession." *Kemper v. Don Coleman, Jr., Builder, Inc.*, 746 So. 2d 11, 15 (La. App. 2 Cir. 1999). In *Austrum v. City of Baton Rouge*, 252 So. 2d 434, 438 (La. 1973), the Louisiana Supreme Court approved of the trial court's substitution of the heirs of the decedent as plaintiffs based on "an ex parte written motion supported by a duly notarized affidavit of two persons as to the death and heirship of the deceased." *See also*, *Konneker v. Sewerage & Water Bd. of New Orleans*, 703 So. 2d 1341, 1343 (La. App. 4 Cir. 1997) ("In his motion to substitute, Mr. Konneker, Jr. states that he is the decedent's only child, but Mr. Konneker, Sr. testified at trial that he 'had a bunch of kids.' In view of this conflicting evidence and the movant's failure to furnish an affidavit of death and heirship, we are unable to act on the motion to substitute.") (internal citations omitted). Despite

PNA's objections, it has not provided any basis for its "particular[] concern" that the adoptions set forth in the Affidavit were "merely informal."[13] Moreover, both affiants assert that in the Affidavit that "they were well and personally acquainted with" Decedent. The undersigned finds such assertion sufficient to establish the affiants' personal knowledge of the facts set forth in the Affidavit.[14] Accordingly, the Affidavit is sufficient evidence to support Movants' Motion to Substitute and Amend.

### III. Conclusion

For the reasons set forth herein, Plaintiffs' Second Revised Joint Rule 25(a)(1) Motion for Substitution of Parties Plaintiff and Motion for Leave to File Plaintiffs' First Supplemental and Amended Complaint[15] is **GRANTED**. The clerk is **ORDERED** to file Plaintiffs' First Supplemental and Amended Complaint (R. Doc. 86-2) into the record.

Signed in Baton Rouge, Louisiana, on April 21, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] In previous filings in support of the proposed substitution, Movants have noted that "Mr. Coleman does have four other biological children, who have been notified of the above captioned suit by undersigned Counsel. Undersigned Counsel was advised when speaking with these potential heirs, however, that they were each adopted by another man children [sic]." R. Doc. 57-1, p. 3, no. 11; R. Doc. 61-1, p. 3, n. 11.

[14] In questioning the competency of the affiants, PNA relies on *Foundation Materials, Inc. v. Carrollton Mid-City Investors, LLC and Harmon Construction, LLC*, 66 So. 3d 1230, 1234, n. 4 (La. App. 4 Cir. 2011). There, the court noted that "no matter how apparently reliable, those matters occurring 'upon belief' of the affiant are universally rejected as a substitute for personal knowledge…." Here, the affiants have asserted they were personally acquainted with the Decedent.

[15] R. Doc. 86.